UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.W. by her parent, D.M.;<br>D.M. individually and on behalf of D.W.;<br>E.V. by his parent, S.V.;<br>S.V. individually and on behalf of E.V.;<br>K.W.H. by his parent K.M.S.H.;<br>K.M.S.H. individually and on behalf of K.W.H.;<br><br>on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education,<br><br>        Defendants. | Case No. 1:23-cv-03179 (ER)<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

      WHEREAS, D.W. by her parent, D.M.; D.M. individually and on behalf of D.W.; E.V. by his parent, S.V.; S.V. individually and on behalf of E.V.; K.W.H. by his parent K.M.S.H.; K.M.S.H. individually and on behalf of K.W.H. (collectively, "Plaintiffs") and the New York City Department of Education ("NYCDOE") and David C. Banks (together with NYCDOE, "Defendants") (collectively with Plaintiffs, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action (the "Action"):

      1.    Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect a Party's interests in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL." ("Confidential Information.")

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. Counsel for any Party may designate any document or information, in whole or in part, as "Highly Confidential - For Attorneys' or Experts' Eyes Only." if counsel determines, in good faith, that such designation is necessary to protect a Party's interests in information that is highly sensitive. Information and documents designated by a Party as confidential will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' OR EXPERTS' EYES ONLY." ("Highly Confidential Information.")

5. The Parties should meet and confer if any Party believes that any discovery material requires a designation of "Highly Confidential - For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    d. The Court (including the mediator, or other person having access to any Confidential Information or Highly Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly

2

       Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential.

9. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the Parties follow the steps set forth in Rule 502. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

10. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. The Court shall retain jurisdiction to enforce compliance with this Joint Stipulation and Proposed Protective Order.

**SO STIPULATED AND AGREED.**

By: */s/ Michael J. Osnato*
　　　Michael J. Osnato

SIMPSON THACHER & BARTLETT LLP
Michael J. Osnato
Jonathan S. Kaplan
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
E-mail: Michael.Osnato@stblaw.com
　　　　Jonathan.Kaplan@stblaw.com

Sarah H. Brim, *pro hac vice*
2475 Hanover Street
Palo Alto, CA 94306
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
E-mail: Sarah.Brim@stblaw.com


By: */s/ Michael N. Litrownik*
　　　Michael N. Litrownik

MOBILIZATION FOR JUSTICE, INC.
Michael N. Litrownik
Belinda Luu
Andrew Gerst

100 William Street, 6th Fl.
New York, NY 10038
Telephone: (212) 417-3858
Facsimile: (212) 417-3891
Email: mlitrownik@mfjlegal.org

*Attorneys for Plaintiffs and the Proposed Class*

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-1958

By: */s/ Kendra Elise Riddleberger*
    Kendra Elise Riddleberger
    Assistant Corporation Counsel

By: */s/ Eric Hiatt*
    Eric Hiatt
    Assistant Corporation Counsel

*Attorneys for Defendants*

**SO ORDERED.**

Dated:   August 7  , 2023

_____
HONORABLE EDGARDO RAMOS
United States District Judge

## **Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Confidential or Highly Confidential Information. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential or highly confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)