**MEMO ENDORSED**



**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Plaintiffs are directed to respond by March 7, 2025. A telephonic pre-motion conference will be held on March 20, 2025, at 10:00 AM. The parties are instructed to call (855) 244-8681; enter access code 2301 087 7354#; and enter # again when asked to enter the attendee ID number. The parties are further instructed to join the call five (5) minutes prior to the conferences start time.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: March 10, 2025
> New York, New York

Re:   *D.W., et al. v. New York City Department of Education, et al.*, No. 23-cv-3179

Dear Judge Ramos:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. This office represents the New York City Department of Education and David C. Banks (in his official capacity) (collectively, "NYCDOE" or "Defendants") in this action. I write pursuant to Rule 2.A.i of Your Honor's Individual Practices to respectfully request a premotion conference regarding NYCDOE's contemplated motion to stay discovery in this matter pending the Court's ruling on Defendants' fully dispositive motion, ECF No. 65 (the "Motion), which will be fully submitted on March 25, 2025. Defendants respectfully submit that having discovery proceed during the pendency of the Motion will unduly strain the resources of both Defendants and the Court. Plaintiffs do not consent to a stay.

**Factual Background and Status of Discovery.** After hearing argument on January 31, 2025, the Court granted Defendants' request to file the Motion, which identifies multiple independent grounds to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c). On February 11, the Court denied Plaintiffs' request to assign discovery matters to Magistrate Wang based on Defendants' representations that the meet and confer process has proven effective in resolving all disputes without assistance thus far. (ECF No. 62.) Defendants maintain their faith in the meet and confer process to resolve discovery disagreements in this action. However, since Plaintiffs' request was denied, Plaintiffs have made gratuitous, *in terrorem* references to "Rule 37 (a)(1)," signaling a rush to engage in motion practice even when the parties have not reached impasse.

This eagerness was on full display most recently at the parties' February 27, 2025 meet and confer, when Plaintiffs threatened to "go to the Magistrate" after Defendants reiterated their offer, made repeatedly since December 18, to produce emails reviewed after applying previously negotiated search terms (the "Refused Emails"). Plaintiffs have offered shifting justifications, first claiming they needed to approve discovery metrics associated with Defendants' initial production using the parties' stipulated search terms. When Defendants provided these metrics, Plaintiffs would still not accept the Refused Emails because Plaintiffs maintained that the agreed-upon search terms must first be renegotiated. Plaintiffs have yet to articulate what documents, if any, were not

captured with the existing search terms. On March 5, 2025, after opposing production of the Refused Emails for three months, Plaintiffs inexplicably reversed course and demanded them.

Plaintiffs will not be prejudiced by a stay; indeed, Plaintiffs can use this brief interregnum to complete reviewing all documents (including the Refused Emails, which will be produced today) to make an informed assessment of the need, if any, for expanded search terms. Significantly, the Refused Emails contain Excel spreadsheets sufficient to show evaluation delays experienced by numerous NYCDOE students. Defendants undertook the painstaking, burdensome work of redacting all personally identifying information protected by the Family Educational Rights and Privacy Act ("FERPA"), thus obviating the need for the even more burdensome work of—pursuant to FERPA—providing individualized notice and opportunity for parents and guardians to object before such information could be disclosed to Plaintiffs. As such, Plaintiffs possess ample information to test their claims and ability to certify a class, and to more fully assess whether further search terms or custodians are needed. Moreover, producing the Refused Emails will complete Phase I of e-discovery (which commenced when the Court instructed the parties to "keep talking" during a May 2024 discovery conference) and presents a natural point for a brief stay.

**The Motion Warrants Staying Discovery.** District courts have "wide discretion to direct the discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) (internal citations omitted). Under Fed. R. Civ. P. 26(c), the party seeking a stay of discovery must show "good cause." *City of N.Y. v. FedEx Ground Package Sys.*, No. 17-cv-5183, 2018 U.S. Dist. LEXIS 165807, at *8 (S.D.N.Y. Sep. 26, 2018) (Ramos, J.). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Id.* (internal citations omitted). "In deciding whether to grant a stay when a motion to dismiss has been filed, the court should also consider the breadth of the discovery sought, the burden of responding to the discovery sought, and the strength of the underlying motion." *Id.* (internal citations omitted). All factors weigh in favor of a stay here.

**A. Plaintiffs' Discovery is Broad and Burdensome.** Since Defendants sought leave to file the Motion on January 6, and Plaintiffs have inundated Defendants with a series of unnecessary, maximalist discovery demands.[1] Until March 5, Plaintiffs have also taken the extraordinary position that the current Case Management Order (the "CMO," ECF No. 56) precludes Defendants from producing the Refused Emails, pending renegotiation of the stipulated search terms.

Defendants first offered to produce the responsive Refused Emails on December 18, 2024, but Plaintiffs summarily rejected this proposal two days later. As Defendants explained to Plaintiffs, it is more logical, efficient, and proportional to the needs of this case to broach any need for new search terms after Plaintiffs review previously produced materials and the Refused Emails. Plaintiffs disagreed and threatened motion practice unless Defendants capitulated to search terms that Plaintiffs have conceded will likely "get at issues beyond the scope of this case," only to abruptly change their minds without explanation. Their present conduct is identical to their prior

---

[1] For example, Plaintiffs have asserted a blanket challenge to more than 60 entries on Defendants' privilege log simply because the Defendants' invocation of the deliberative process privilege; demanded the source for information contained in voluminous, self-explanatory spreadsheets produced by Defendants; identified seven broad "non-custodial" categories of information, demanded broad related discovery, and refused to propound new requests for production when Defendants noted these categories of information fall outside of their initial document demands.

conduct, save in one respect: Last time, Plaintiffs took five months (rather than three months here) to stop obstructing the production of responsive materials.

Plaintiffs' attempts to conduct class discovery have proven no less onerous for Defendants. Since at least July 2024, Defendants have been working assiduously to accommodate Plaintiffs' demands for the creation of a "class list."[2] On January 19, 2024, Plaintiffs deposed a NYCDOE data systems expert pursuant to Fed. R. Civ. P. 30(b)(6) and elicited almost seven hours of testimony. Plaintiffs have nonetheless demanded (and insisted on including in the CMO) that a NYCDOE employee with similar expertise be available to answer questions during wide-ranging biweekly class list discussions. Defendants complied, making such experts available for more than *six additional hours* beyond the 30(b)(6) deposition. The deposition's topics embraced the precise questions that Plaintiffs have posed during these sessions and in extensive follow-up correspondence, amounting to a free-form "do-over" to rectify their failure to cover these questions during the deposition.[3]

**B. Plaintiffs Will Not Be Prejudiced By A Brief Stay.** A party opposing a stay of discovery must show prejudice, which must be more than a mere delay. *Spinelli v. NFL*, No. 13-cv-7398, 2015 U.S. Dist. LEXIS 155816, at *6 (S.D.N.Y. Nov. 17, 2015) (no prejudice, despite the case being two years old, because "a delay in discovery, without more, does not amount to unfair prejudice"); *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330, 2018 U.S. Dist. LEXIS 175771, at *11 (S.D.N.Y. Oct. 11, 2018) (no prejudice where plaintiff's only basis for opposing stay was delay).

Here, as a mere delay in discovery during the Motion's pendency is all Plaintiffs can lament, they cannot demonstrate prejudice. *See Integrated Sys. & Power, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *4 (finding no prejudice where discovery would only be stayed for "a few months").

**C. The Motion Is Well-Founded In The Law.** A stay "should be granted where a motion to dismiss is potentially dispositive and appears to be not unfounded in the law." *Boelter v. Hearst Communs., Inc.*, 2016 U.S. Dist. LEXIS 12322, at *16 (S.D.N.Y. Jan. 28, 2016) (internal citations omitted). *See also Integrated Sys.*, 2009 U.S. Dist. LEXIS 78476, at *4 (stay where motion asserted "multiple, independent arguments for dismissal" that "appear[ed] not to be unfounded in the law"). Even a partial dismissal supports granting a stay. *See O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 U.S. Dist. LEXIS 70418, at *27 (discovery stayed pending the court's ruling on motions to dismiss because "the areas of discovery may well be substantially reduced, if not eliminated"); *Spinelli*, 2015 U.S. Dist. LEXIS 155816, at *5 (stay likely to "simplify[] and shorten[] discovery in the event that some of Plaintiffs' claims are dismissed and others survive."). A stay should issue here, as NYCDOE's Motion is both dispositive and based on settled law in this Circuit.

Thank you for your consideration of the foregoing.

Respectfully submitted,
/s/ Eric B. Hiatt

---

[2] Plaintiffs maintain a class list is necessary to identify particular class members. A class list is arguably inapplicable here, as the Complaint seeks relief under F.R.C.P. 23(b)(2), which "provide[s] broad injunctive relief to large and amorphous classes." *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 116 (E.D.N.Y. 2012) (internal citations omitted).

[3] On February 27, 2025, at the parties' last meet and confer, Plaintiffs' counsel stated their intention to seek additional information regarding an entirely separate NYCDOE data system, the Impartial Hearing System ("IHS"), including a second 30(b)(6) deposition, even though IHS could have been covered during the first 30(b)(6) deposition.