

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **Eric B. Hiatt** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | Phone: (212) 356-1958<br>Fax: (212) 356-1148<br>erihiatt@law.nyc.gov |

The Honorable Edgardo Ramos  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

August 8, 2025

   Re: *D.W., et al. v. New York City Department of Education, et al.*, No. 23-3179

Dear Judge Ramos:

  I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. This office represents the New York City Department of Education and David C. Banks (in his official capacity) (collectively, "DOE") in the above-referenced proceeding. We write pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices to request a pre-motion conference concerning our anticipated motion to strike new allegations in the proposed First Amended Complaint (ECF No. 104, the "Proposed Complaint"). In the alternative, DOE respectfully proposes that the Court should convert this application into a request for a pre-motion conference for Plaintiffs' motion for leave to amend pursuant to Fed. R. Civ. P. 15. With the Proposed Complaint, Plaintiffs have filed what is effectively an entirely new lawsuit, newly broadening their focus on purported delays following merely a *request* for a special education evaluation rather than delays in payment. The Proposed Complaint thus impermissibly exceeds the scope of this Court's May 27, 2025, grant of leave to amend and should be stricken.

  For the past two and a half years, this putative class action has been focused on DOE's alleged systemic delays in timely paying providers of independent educational evaluations pursuant to resolution agreements to settle administrative complaints, and the purported "downstream" impact that flows to special education students and families as a result of these alleged systemic payment delays. DOE has responded to Plaintiffs' extensive discovery demands, including demands to use facially overbroad search terms and unwarranted and abusive demands for granular Technology Assisted Review data. DOE has produced over 22,000 pages of documents and emails from ten electronic custodians (including high-ranking officials in DOE's special education office) and appeared for Rule 30(b)(6) and fact depositions. DOE has also provided detailed disclosures concerning special education data storage during more than a dozen class list meet and confer sessions with Plaintiffs (with DOE IT experts made available for real-time consultation), and made extraordinary efforts in response to Plaintiffs' demand that DOE produce hyperlinked documents associated with produced emails. *See, e.g., Nichols v. Noom Inc.*, No. 20-3677 (LGS) (KHP), 2021 WL 948646 (S.D.N.Y. Mar. 11, 2021).

Through their flouting of Fed. R. Civ. P. 7(b), Plaintiffs created a Due Process issue. Plaintiffs have used the Court's limited grant of leave to amend as a backdoor to replead this entire lawsuit; Plaintiffs must formally move this Court for leave to file the Proposed Complaint, and DOE must be afforded the opportunity to oppose. *See, e.g., Credit Chequers Info. Servs., Inc. v. CBA, Inc.,* 2000 U.S. App. LEXIS 996, at *2 (2d Cir. 2000) (summary order) (affirming dismissal and denial of leave to amend complaint where "appellant failed to move[,] has given no indication of what amendment is proposed that would state a valid claim for relief[, and] has failed to meet its [Fed. R. Civ. P. 7(b)] burden of setting forth with particularity the grounds for supporting its motion"); *see also* S.D.N.Y. Local Civ. R. 15.1(a) (requiring parties to submit for the Court clean and redlined versions of proposed amended pleadings).

### **The Proposed Complaint Vitiates the Court's Limited Grant of Leave to Amend**

Plaintiffs never moved for leave to amend their Complaint. In their Opposition (ECF No. 77) to DOE's motion for judgment on the pleadings (ECF No. 65), Plaintiffs informally asked to amend their Complaint only as to whatever "portion of Defendants' motion" the Court granted. ECF No. 77 at 25. The Court granted judgment on Plaintiffs' claims for breach of contract. ECF No. 86. In granting Plaintiffs' request, the Court cited authority granting leave to "*correct defects* in [] federal claims." *See id.* at 40-41 (citing *Shorter v. Rice*, No. 12 Civ. 111 (JFB) (ETB), 2012 U.S. Dist. LEXIS 54028, 2012 WL 1340088, at *4, *5 (E.D.N.Y. Apr. 10, 2012) (emphasis added).

The Proposed Complaint transmutes a limited writ of leave into a *carte blanche* repleading. Instead of attempting to "correct defects" in their dismissed contract claims, Plaintiffs opted to abandon them entirely, adding two new plaintiffs and dozens of new paragraphs of related factual allegations, as well as two new vastly expanded proposed class definitions.[1] *See* Table 1, attached hereto. The Proposed Complaint would reset this litigation at the starting line, effectively erasing two and a half years of litigation, along with DOE's extensive efforts expended in responding to Plaintiffs' unduly burdensome discovery demands.

Where, as here, a party exceeds the scope of its leave to amend a pleading, courts in the Second Circuit routinely strike or dismiss the allegations as immaterial or impertinent. *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012); *see also Pagan v. N.Y. State Div. of Parole*, No. 98 Civ. 5840(FM), 2002 WL 398682 (S.D.N.Y. Mar. 13, 2002) (dismissing with prejudice new state law claims alleged in amended complaint when court granted leave to replead only § 1981 and NYSHRL claims); *Willett v. City Univ. of N.Y.*, No. 94-3873, 1997 WL 104769 (E.D.N.Y. Feb.18, 1997) (declining to consider five of eight new claims

---

[1] As the parties were negotiating a new discovery schedule over the past month, ECF No. 105, Plaintiffs insisted in an email on July 7, 2025, that DOE need not first review Plaintiffs' anticipated amended complaint, as Plaintiffs were "only going to add some new plaintiffs." This might have been within the Court's limited grant of leave to amend. DOE, however, insisted on reviewing any revised pleading before agreeing to a revised, feasible Case Management Order ("CMO"), and the Court granted a joint request for additional time to file the CMO. ECF No. 103. DOE's continued insistence on first analyzing any proposed revised pleading before agreeing to substantive discovery deadlines proved prescient, as it only became clear after the Proposed Complaint was filed that, contrary to Plaintiffs' multiple express written representations, their proposed amendments instead sought to drastically transform this lawsuit.

for exceeding court's grant of leave to amend); *Kuntz v. N.Y. State Bd. of Elections*, 924 F. Supp. 364 (N.D.N.Y. 1996) (dismissing three new claims in amended complaint where they "appear to proceed on entirely new factual allegations and legal bases and clearly exceed the mandated scope of the Court's leave to amend").

      As reflected in Table 1, Plaintiffs' revised class definitions reflect an entirely new theory of the case, focusing not on alleged delayed payments to providers but rather *any* delays (including those solely attributable to families themselves) following a request for evaluation. The expanded scope and revamped core theory of this litigation necessitates, at a minimum, striking the revised class definitions, given the immense additional burden presented to DOE in responding to the concomitant expansion in the scope of related discovery sought by Plaintiffs.

      In the context of amended pleadings, "[u]ndue prejudice speaks to 'whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed.'" *Kallas v. G & P Agency, Inc.,* 2025 U.S. Dist. LEXIS 128488, *4-5 (citing *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, No. 21-695, 2022 WL 1555606, at *2 (S.D.N.Y May 16, 2022)); *see also Agerbrink v. Model Serv. LLC,* 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (nonmovant bears burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted."); *Rodriguez v. Winski*, 2019 U.S. Dist. LEXIS 82953, *10-11 (denying amendments where, as here, they changed "focus of the lawsuit [by] making allegations relating to different set of facts" and noting amendments "likely to significantly expand the scope and length of discovery and thus unduly prejudice" defendants.).

      Plaintiffs' remarks and conduct in recent discovery negotiations subsequent to the Proposed Complaint's filing has underscored the potential of considerable prejudice to DOE should the Proposed Complaint become the operative pleading in this lawsuit. Plaintiffs last week unilaterally repudiated the parties' prior agreement to seek no more than 20 individuals as potential ESI custodians, and Plaintiffs have hinted that their forthcoming proposed ESI search terms—which the parties had been negotiating for months prior to the Proposed Complaint's filing (and which were all based on the allegations in the original complaint)—will likely need extensive revisions in light of the Proposed Complaint, and take considerably far more time and resources for DOE to review and produce than what has been produced thus far, unduly prejudicing DOE. The Proposed Complaint must therefore be stricken.

      Thank you for your consideration of the foregoing. We look forward to discussing these issues with the Court.

                                  Respectfully submitted,

                                  /s/ Eric B. Hiatt
                                  Eric B. Hiatt
                                  Assistant Corporation Counsel

cc: All counsel of record (VIA ECF)

**TABLE 1: Revised Class Definitions in Proposed Complaint**

~~115~~ 158.     Plaintiffs D.W., D.M., M.C. and ~~D.M~~ E.C. bring this action on behalf of a proposed class consisting of:

> All individuals ~~who have submitted or will submit~~, and the children with disabilities on whose behalf they have ~~filed or will file, due process complaints with the New York City Department of Education requesting~~ requested NYCDOE Evaluations, and whose NYCDOE Evaluations have not been or will not be timely provided under the applicable federal and state law and regulations since the 2020-2021 school years ("NYCDOE Evaluation Class").

~~116~~ 159.     Plaintiffs E.V, S.V., K.W.H., ~~and~~ K.M.S.H, M.C., E.C., U.H., and T.G. bring this action on behalf of a proposed class consisting of:

> All individuals ~~who have submitted or will submit~~, and the children with disabilities on whose behalf they have ~~filed or will file, due process complaints with the New York City Department of Education requesting~~ requested IEEs, and whose IEEs have not been or will not be timely provided at public expense under the applicable federal and state law and regulations since the 2020-2021 school years ("IEE Class").