

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**Eric B. Hiatt**
Phone: (212) 356-1958
erihiatt@law.nyc.gov

August 13, 2025

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *D.W., et al. v. New York City Department of Education, et al.*, No. 23-cv-3179

Dear Judge Ramos:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Department of Education and David C. Banks (in his official capacity) (collectively, "NYCDOE" or "Defendants") in this action. I write pursuant to Rule 1(E) of Your Honor's Individual Practices to respectfully request a brief adjournment of the telephonic pre-motion conference (the "Conference") currently scheduled for August 28, 2025 at 11:00 a.m. until the week of September 1, 2025. I will be on vacation the week of August 25, 2025 and will be unavailable to participate in the Conference until I return to the office after the Labor Day holiday weekend.

Plaintiffs filed their Amended Complaint on July 25, 2025. (ECF No. 104, the "Proposed Complaint.") Consistent with both the compulsory 14-day timeframe prescribed under Fed. R. Civ. P. 15(a)(3) for responses to amended pleadings and Your Honor's Individual Practices, Defendants filed their response to the Proposed Complaint on August 8, 2025[1], requesting a pre-motion conference. (ECF No. 107.) On August 12, 2025, the Court granted Defendants' request for a pre-motion conference, ordered Plaintiffs to respond to Defendants' letter by August 19, and set a telephonic conference for 11:00 am on August 28, 2025.

This is Defendants' first request for an adjournment of the Conference, and the adjournment will not affect any other deadlines in this case. Defendants sought Plaintiffs' consent for an adjournment, but Plaintiffs instead requested that Defendants include the statement below.

---

[1] As explained in their August 8 premotion letter, Defendants respectfully submit that the Proposed Complaint is improper for multiple reasons but, out of an abundance of caution, nonetheless complied with the 14-day response period for amended pleadings set forth in the Federal Rules.

Had Plaintiffs requested an enlargement of their time to respond to Defendants' pre-motion letter, Defendants would have happily consented to any reasonable adjournment request.

\*\*\*

**Plaintiffs' Statement:**

Plaintiffs' counsel repeatedly discussed with Defendants' counsel that Mr. Riccardi and Mr. Litrownik from Mobilization for Justice, two of the lead attorneys on this case, would be on vacation (for different time periods) from July 28 through August 14. Indeed, Defendants' counsel asked Plaintiffs' counsel to confirm the dates of Mr. Riccardi's and Mr. Litrownik's travel on at least two separate occasions. Nonetheless, Defendants chose to file a pre-motion conference request on a date that overlapped with both counsel's vacations without any prior notification to Plaintiffs and with full knowledge that the Court's rules would, by default, require a response within three business days. While Plaintiffs' counsel would typically consent to a courtesy extension to adjourn a pre-motion conference due to a vacation conflict, given that Defendants' counsel intentionally chose to file a pre-motion conference letter during Plaintiffs' counsel's vacations, Plaintiffs instead take no position on Defendants' request and are prepared to proceed on the premotion date scheduled by the Court.

\*\*\*

Thank you for your consideration of the foregoing.

Respectfully submitted,

/s/ Eric B. Hiatt
Eric B. Hiatt
Assistant Corporation Counsel

cc: All counsel of record
(via ECF)